NUMBER 13-02-100-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

DEBRA AUMADA, AS NEXT
FRIEND OF CHRISTOPHER
ROGERS, AND ON BEHALF
OF ALL OTHERS SIMILARLY
SITUATED,                                                                          Appellants,

v.

GEICO GENERAL INSURANCE
COMPANY,                                                                                   Appellee.
                                                                                                                                      

On appeal from the 105th District Court of Nueces County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Castillo
Memorandum Opinion by Justice Yañez
 
          Appellant, Debra Aumada, appeals from the grant of a summary judgment in favor
of appellee, Government Employees Insurance Company (“Geico”), in a suit arising out of
an automobile insurance contract. Appellant also appeals from the trial court’s denial of
her three motions for summary judgment. 
          By three issues, appellant contends the trial court erred in granting Geico’s motion
for summary judgment and in denying her motions for summary judgment because: (1)
Geico repudiated its obligation and breached its insurance contract with her; (2) her second
summary judgment motion presented competent evidence showing Geico violated article
21.21 of the Texas Insurance Code; and (3) her third motion for summary judgment set
forth competent evidence demonstrating that Geico violated article 21.55 of the Texas
Insurance Code. We affirm.
Facts
          On February 21, 1996, appellant purchased uninsured motorist coverage


 from
Geico in consideration for a monthly $36 premium. On May 6, 1996, while coverage was
in effect, appellant and her son were involved in an automobile collision with Pablo Garza,
an uninsured motorist. 
          Nearly one month later, appellant retained an attorney to handle her case. The
attorney, Michael O’Brien, sent a June 5, 1996 letter of representation to Geico informing
it that appellant was undergoing medical treatment and that he would forward Geico copies
of her medical records as he received them. Following O’Brien’s letter, on June 17, 1996,
Geico sent O’Brien personal injury protection and uninsured motorist claim forms to be
completed by appellant. On June 21, 1996, Geico also sent O’Brien a request for
appellant’s medical records. On August 28, 1996, O’Brien sent Geico appellant’s
completed claim forms with an “index of medical expenses supporting documentation. . .
[he] currently has in his possession.”


 Shortly thereafter, Geico and O’Brien were engaged
in settlement negotiations in an attempt to resolve appellant’s uninsured motorist claim.
          Approximately one year after the accident, on April 11, 1997, O’Brien requested
permission to sue the uninsured motorist without prejudicing appellant’s claim to recover
benefits under the uninsured motorist provision of her policy. In response, on April 29,
1997, Geico stated the following:
This is to confirm receipt of your letter dated April 11, 1997. In your letter
you requested GEICO’s consent to pursue litigation against Pablo Garza
without prejudicing your client’s right to recovery. GEICO is granting its
consent for the litigation against the tortfeasor for the injuries that your clients
may wish to present for this accident. However, GEICO shall not be held
responsible for any verdicts against Pablo Garza out of any possible suit
directed toward this individual. . . .
          On March 12, 1999, appellant sued Geico for breach of contract, anticipatory
repudiation, and violations of the Texas Insurance Code. On October 25, 1999, appellant
obtained a default judgment against Garza for negligence and the trial court awarded her
and her son damages of $50,000 and $13,000 in pre-judgment and post-judgment interest. 
Appellant maintains that Geico is responsible for the default judgment against Garza. 
Standard of Review
          The function of summary judgment is to eliminate patently unmeritorious claims and
defenses, not to deprive litigants of the right to a jury trial.


 We review the evidence “in the
light most favorable to the nonmovant, disregarding all contrary evidence and inferences.”


 
The movant bears the burden of showing both no genuine issue of material fact and
entitlement to judgment as a matter of law.


 We review summary judgments de novo.


 
When both sides move for summary judgment and the trial court grants summary judgment
in favor of one side and denies the other, the reviewing court should review the summary
judgment evidence presented by both sides and determine all questions presented.


 
Where, as here, the trial court’s summary judgment order does not specify the ground or
grounds on which the court relied, we will uphold the ruling if any of the theories advanced
is meritorious.


 
          By appellant’s first issue, she argues summary judgment in favor of Geico was
improper because its April 29, 1997 letter constituted a breach of contract and anticipatory
repudiation by Geico. 
          In Geico’s amended motion for summary judgment, it argued that it was entitled to
summary judgment on appellant’s breach of contract claim because appellant failed to
establish the necessary elements of a breach of the contract.


 Specifically, Geico argues
that appellant failed to establish that Geico breached its duties under the contract. The
evidence attached to Geico’s motion included: (1) appellant’s policy coverage; (2) O’Brien’s
April 11, 1997 letter requesting permission to sue Garza; (3) Geico’s April 29, 1997
response; and (4) a June 21, 2001 letter from Geico renewing its offer to settle the claim. 
The contract provided that Geico was not responsible for any default judgment without its
written consent. Consequently, Geico maintains that the trial court did not err in granting
its motion for summary judgment and denying appellant’s motion for summary judgment.
Breach of Contract
          When a claim is based on breach of contract, there must be some showing: (1) of
the existence of a contract between the parties; (2) that duties were created by the
contract; (3) that a breach of the duties occurred; and (4) that the party sustained
damages.


 
          It is well-established that when one party to an agreement has repudiated it, the
other party may then accept the agreement as being terminated or consider the repudiation
as a breach of contract and bring suit for damages.


 An anticipatory repudiation occurs
when a party absolutely repudiates the obligation, without just excuse, and the other party
is damaged by the repudiation.


 An anticipatory repudiation of a contract may consist of
either words or actions by a party to a contract that indicates an intention that the party is
not going to perform the contract according to its terms in the future.


 Specifically, it is
conduct which evidences a fixed intention to abandon, renounce and refuse to perform the
contract.


 
          Here, the record reflects that in the April 29th letter, Geico gave its consent for
appellant to proceed with litigation against Garza with the condition that it would not be
bound by any verdict arising from any suit against Garza. Further, the consent clause
contained in Geico’s contract with appellant states in relevant part, “Any judgment for
damages arising out of a suit brought without our consent is not binding on us. . . .” Texas
courts have recognized that these policy provisions are valid.


 The purpose of requiring
the carrier’s consent to sue is to protect the carrier from liability arising from default
judgments against an uninsured motorist.


  
          In reviewing the summary judgment evidence, we conclude that as a matter of law,
Geico’s April 29th letter did not constitute evidence of a breach or a repudiation of its
contract with appellant. Although the contract between the parties and Geico’s April 29th
letter established that Geico would not be bound by any judgment or verdict arising from
the suit against Garza, it was not evidence of a breach or evidence that Geico absolutely
repudiated its obligation to pay appellant’s uninsured motorist claim. By establishing that
the April 29th letter did not constitute evidence of a breach of contract or repudiation, Geico
negated an element of appellant’s cause of action for breach of contract. Further, the
record reflects that on more than one occasion, Geico requested that O’Brien forward to
it medical documentation and completed uninsured motorist forms to process appellant’s
uninsured motorist claim. We therefore conclude that the trial court properly granted Geico
summary judgment and properly denied appellant’s motions for summary judgment
regarding appellant’s breach of contract and anticipatory repudiation claims. Appellant’s
first issue is overruled.
          Further, because the trial court properly granted summary judgment in favor of
Geico regarding anticipatory repudiation and breach of contract, it is unnecessary for us
to address appellant’s remaining issues.


 
          Accordingly, the judgment of the trial court is affirmed.


                                                                                                                      
                                                               LINDA REYNA YAÑEZ
                                                                           Justice



Memorandum opinion delivered and filed this the
30th day of December, 2004.